IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THEODORE L. FISHER,<br><br>        Plaintiff,<br><br><br><br>                vs.<br><br><br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>        Defendant. | ORDER REMANDING CASE TO THE COMMISSIONER<br><br><br><br><br><br>Case No. 2:05CV00251 PGC |

Plaintiff Theodore Fisher appeals the denial of his application for disability insurance benefits ("DIB").  He claims that the administrative law judge violated governing regulations and contravened Tenth Circuit precedent by failing to articulate the weight he gave to the opinion of Dr. John Nilsen, Fisher's treating physician, when denying Fisher's DIB application, and by failing to accord Dr. Nilsen's opinion any deference as 20 C.F.R. §§ 404.1527 and 416.927 require.  While the judge's thorough opinion carefully reviewed many of the aspects of the case, the court agrees that the ALJ failed to state the weight he gave to Dr. Nilsen's opinion and failed to discuss whether he gave it any deference based on the factors in the relevant regulations. Because of this particular error, the court REMANDS for further proceedings.

**STATEMENT OF FACTS**

The narrow error in the ALJ's opinion is legal, not factual, and requires further administrative proceedings.  As such, the court's recitation of facts will be brief.

Mr. Fisher applied for DIB in February 2002, alleging that he was unable to work since January 30, 2001, due to depression, post-traumatic stress disorder, attention deficit disorder, and neck problems.  Before he was fired as Chief of Police in January 2001, Mr. Fisher had past work experience as a police officer, a security guard, a soldier, and an assistant for individuals with disabilities.

Mr. Fisher's DIB claim was denied initially and upon reconsideration.  Mr. Fisher then requested and received a hearing before an ALJ, who issued a decision that found Mr. Fisher was not disabled.  Fisher requested review of the ALJ's decision by the Appeals Council, which denied his request.  The Appeals Council's denial is thus the final administrative decision in this case.

John Nilsen, D.O., was Mr. Fisher's treating physician between March 2000 and August 2003.  Dr. Nilsen first diagnosed Fisher with depression and post-traumatic stress disorder.  Six months later, Dr. Nilsen added a diagnosis of attention deficit disorder and changed Mr. Fisher's medications after he complained that his current medications were not working.

In October 2000, Mr. Fisher reported that he had been using too much Xanax and admitted himself to a hospital for two days for Xanax dependence.  By March 2001, Mr. Fisher's Xanax dependence was in full remission.  Mr. Fisher continued to see Dr. Nilsen during the next two years for short fifteen-minute medication reviews.  Dr. Nilsen's diagnoses remained

consistent throughout that time, even as Mr. Fisher went through several major life events: drug rehabilitation for Xanax dependence, marital separation and divorce, a prison sentence for aggravated burglary, and the termination of his job.

On July 13, 2002, Dr. Nilsen completed a mental work capacity evaluation of Mr. Fisher. He opined that Fisher had moderate limitations in (1) understanding and remembering detailed instructions, (2) working with or in proximity to others without being distracted by them, (3) getting along with coworkers or peers without distracting them or exhibiting behavioral extremes, (4) responding to changes in the work setting, (5) being aware of normal hazards and taking appropriate precautions, and (6) traveling in unfamiliar places or using public transportation.

In addition to these limitations, Dr. Nielsen opined that Mr. Fisher had marked limitation in his ability to (7) carry out detailed instructions, (8) maintain attention and concentration for extended periods of time, (9) perform activities within a schedule, (10) maintain regular attendance and be punctual, (11) sustain an ordinary routine without special supervision, (12) complete a normal workday and work week without interruptions from psychologically based symptoms, (13) perform at a consistent pace with standard rest periods, (14) interact appropriately with the general public, and (15) set realistic goals.  Dr. Nielsen also found that Mr. Fisher only had slight limitations in his ability to understand,  remember, and carry out very short and simple instructions.

Dr. Nielsen ultimately concluded that Mr. Fisher had marked difficulties in (1) maintaining concentration, persistence, or pace, and (2) had three repeated episodes of decompensation, each of extended duration.

-3-

## STANDARD OF REVIEW

This court reviews "'the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied.'"[1]  Here, Mr. Fisher concedes that his appeal relates to only "the question of whether the ALJ applied the correct legal standards in determining disability" and that "[t]he only standard of review to be applied is a determination of whether the ALJ applied the correct legal standards or made the correct legal conclusions based on his factual findings."[2]  The court will therefore apply this standard.

**I.      The ALJ Erred By Failing to Make Clear What Weight He Assigned to the Opinion of Mr. Fisher's Treating Physician.**

Recent Tenth Circuit precedent emphasizes that in disability social security cases, the opinion of an applicant's treating physician must play a central role in the ALJ's decision.  As the circuit noted, "'[u]nder the regulations, the agency rulings, and our case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion,' that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight.'"[3] Because the ALJ failed to do so in this case, the court must remand for further proceedings.

---

[1]*Robinson v. Barnhart*, 366 F.3d 1078, 1080 (10th Cir. 2004) (quoting *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003)).

[2]Pl.'s Br. in Supp. of Pet. for Review (Doc. # 8), at 2.

[3]*Robinson*, 366 F.3d at 1082 (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)).

The ALJ's discussion of Dr. Nilsen's opinion consists of only one paragraph, which states:

> The ALJ has carefully assessed the moderate and marked mental limitations assessed by Dr. Nilsen and finds his opinion is not supported by objective clinical findings, including his own findings on examination.  Throughout his medication review notes (2001 – 2003), Dr. Nilsen reported the claimant was doing well with regard to the post traumatic stress disorder, attention hyperactivity disorder and depression.  Further, Dr. Nilsen indicated the claimant had only slight limitations in his ability to understand, remember and carry out simple instructions which is not inconsistent with the residual functioning capacity outlined below; and, Dr. Nilsen did not preclude the claimant from engaging in work activity.[4]

The ALJ's analysis of Dr. Nilsen's opinion in this case, like the ALJ's decision in *Robinson*, "is deficient in several respects."[5]  "First, the ALJ 'failed to articulate the weight, if any, he gave Dr. [Nilsen's] opinion . . . .'"[6]  Though ALJ's decision makes it clear that he did not give Dr. Nilsen's opinion controlling weight, "the ALJ never expressly stated that he was not affording it controlling weight."[7]

And as in *Robinson* and *Watkins*, "[a]fter failing to articulate why he did not give Dr. [Nilsen's] opinion controlling weight, the ALJ then failed to specify what *lesser* weight he assigned to Dr. [Nilsen's] opinion."[8]  "Contrary to the requirements of Soc. Sec. R. 96-2p, the ALJ did not discuss any of the relevant factors set forth in 20 C.F.R. §§ 404.1527 and 416.927."[9]

---

[4]R. at 16.

[5]*Robinson*, 366 F.3d at 1082.

[6]*Id.* (quoting *Watkins*, 350 F.3d at 1301).

[7]*Id.* (citing Soc. Sec. R. 96-2p, 1996 WL 374188, at *2).

[8]*Id.* (citing *Watkins*, 350 F.3d at 1301).

[9]*Id.*

Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[10]

Because "the ALJ failed to articulate the weight, if any, he gave Dr. [Nilsen's] opinion, and . . . failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether," this court "cannot simply assume the ALJ applied the correct legal standards in considering Dr. [Nilsen's] opinion."[11]  Because of this violation of controlling Tenth Circuit precedent, the court therefore "must remand because [it] cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion."[12]

## CONCLUSION

The court REMANDS this case for further proceedings because the ALJ failed to state what weight he gave to Dr. Nilsen's opinion and failed to state whether he gave it any deference based on the factors in 20 C.F.R. §§ 404.1527 and 416.927.

---

[10] *Watkins*, 350 F.3d at 1301–02

[11] *Id.* at 1301.

[12] *Id.*

Because of this deficiency, the court does not reach the other arguments in Mr. Fisher's

petition for review.  The clerk's office is directed to close the case.

SO ORDERED.

DATED this 9th day of August, 2006.

BY THE COURT:

Paul G. Cassell
United States District Judge